Verga v. Miller.

## Peter F. Verga

v.

## Edward G. Miller et al.

A land-owner is not entitled to an injunction restraining the opening of a highway through his dwelling, where it appears that there was a dispute between him and the commissioners as to the exact location of the highway before he began to erect it, and that they caused the highway to be surveyed and defined by stakes when he had done but little work on it.

On bill for injunction, and order to show cause.

*Messrs. Bergen & Bergen,* for the complainants.

*Mr. D. J. Pancoast,* for the defendants.

Bird, V. C.

Verga asks for an injunction against the public authorities restraining them from opening a public road on such line as to cause the removal of one of his dwelling-houses. There is no doubt but that a public road has been laid where the authorities propose to open one, or very nearly on the same line. The exact location is the point in controversy.

Note.—Damages for subsequent improvements to lands condemned were refused in the following cases: Where the surveyors to lay out a road were appointed before the house was begun, although the masons were at work on the foundations when the road was laid out, *State* v. *Waldron, 2 Harr. (N. J.) 370;* where a railroad company built a platform on land dedicated for a highway, but before it had been actually opened, *New York & Long Branch R. R. Co.* v. *Drummond, 16 Vr. 511;* where a building was moved and placed upon the contemplated route of a highway, after an application made and notice given to lay it out, *Carris* v. *Commissioners, 2 Hill 443;* where buildings were erected on the site of a street as designated on a map of the city, although the order for opening such street was not made until seventeen years after the approval and adoption of the map, *Furman Street, 17 Wend. 649;* Contra, *Jones* v. *Carragan, 7 Vr. 52;* see *Wall Street, 17 Barb. 617; Seaman* v. *Hicks, 8 Paige 655;* where a legally-opened street was vacated, and the improve-

Verga *v.* Miller.

1. The allegations of Verga as to location are expressly denied by all of the defendants (four of them) by their answer, under oath.

2. The complainant is not entitled to equitable relief, because he has not dealt frankly with the court, in stating that the authorities had claimed the said road to be where they now insist it is, before he commenced to build his house; nor that before he had it completed, or but little done towards its completion, the said authorities had caused the said road to be surveyed, and its location defined and marked by visible stakes, all showing that his proposed dwelling would stand within the line of said road. Good faith requires him who asks for equitable relief to conceal no material part of his own conduct.

3. If this apparent want of good faith, in not making a full disclosure, can be reasonably overlooked by the court, the facts upon which the order to show cause is predicated are disastrous to the complainant's claim, when they come to be considered in connection with the facts sworn to by the defendants. When he saw that his right was contested by the public authorities, he was not justified in running a race with them to obtain more complete possession of the premises, by the erection of a building, and thereby creating obstructions, in the confidence that a court of equity would protect him because he had succeeded in making valuable improvements. A prudent man would have

ments then erected, and the street afterwards re-opened, *Forbes Street, 70 Pa. St. 125;* see *Stewart* v. *County, 2 Pa. St. 340.*

They were allowed in the following cases: Where such improvements were made *bona fide* before the award was rendered, although the land-owner had notice of the preliminary proceedings, *Sherwood* v. *St. Paul &c. R. R. Co., 21 Minn. 122; Driver* v. *Western Union R. R. Co., 32 Wis. 569;* or, the report adopted by common council, *Portland* v. *Lee Sam, 7 Oreg. 397;* but bad faith prevents such compensation, *Morris* v. *Schallsville Branch, 4 Bush 448; Shick* v. *Pennsylvania R. R. Co., 1 Pears. (Pa.) 262; Jones* v. *Carragan, 7 Vr. 54; Carris* v. *Commissioners, 2 Hill 443.*

An injunction to prevent the land-owner from making such improvements was refused before commissioners had been appointed, *New York* v. *Mapes, 6 Johns. Ch. 46;* and the purchaser of a lot containing such buildings, at a master's sale, will not be compelled to complete his purchase, *Seaman* v. *Hicks, 8 Paige 655.*—REP.

·shown his confidence in the legal tribunals to protect him in his rights by submitting to them the conflicting claims before he ventured to build his house.

4. The case, as it now stands before me, shows that the question involved is one of legal cognizance, without any element justifying the interference of this court.

It is my judgment that the order to show cause should be discharged, and the bill be dismissed, with costs.